CLARENCE A. SOUTHERLAND, Attorney General of the State of Delaware, upon the relation of William H. Snider and Sydney D. Wentworth,

*vs.*

DECIMO CLUB, INC., a corporation of the State of Dalaware.

In the Matter of Petition of Hugh B. Mongar, for Restitution of Stocks, etc.

*New Castle, July* 30, 1934.

*Ayres J. Stockly,* of the firm of Hastings, and Stockly & Duffy, for petitioner.

*Aaron Finger,* of the firm of Richards, Layton & Finger, and *David W. Kahn,* of New York City, for receiver.

THE CHANCELLOR: I view this petition as in the nature of a reclamation petition—as a petition for the restoration to Monjar of property which. he claims was obtained from him by duress. The petition asks for the return of the property in so far as it is in specie in the hands of the receiver, or, in case any of the specific property is not available, for an accounting and the allowance of the value thereof as a general claim in Monjar's favor. The proceeding is not one that recognizes the agreement as valid and seeks an accounting thereunder. I doubt very much whether, if that were its nature, the object could be properly sought by petition. A bill with its sequence of orderly procedure would appear to me to be the proper method of obtaining accounting relief predicated on the agreement as a valid one.

The alternative of an accounting asked for by the petition is only in the event the property sought to be reclaimed is not available, and harmonizes with the theory of the petition that because of the alleged duress Monjar never parted with the stocks, etc., and the same, though held by the receiver, nevertheless continue to be Monjar's and should be returned to him if available.

Taking this view of the case, I do not feel called upon to consider whether, if the agreement stands as valid, the principle of valuing the Apasco securities asserted by Decimo is the correct principle to apply in carrying out the agreement or the principle contended for by Monjar is the

correct one. The difference of course is between giving Monjar credit for the cost, as contended for by Decimo, or the value at the time of transfer as contended for by Monjar.

The petition repudiates the agreement as being void for duress. That being so, the question of what is due under it as a valid agreement is not before the court.

I proceed then to the question—was Monjar's assent induced by duress? The duress here relied on is duress by threats or *per minas* as the books have it.

I accept the definition of duress of that kind as it is stated by Professor Williston in the *3rd Volume* of his work on *Contracts,* § 1065. It consists of "unlawful threats which do in fact overcome the will of the person threatened and induce him to do an act which he would not otherwise have done, and which he was not bound to do. * * * The age, sex, capacity, relation of the parties and all the attendant circumstances must be considered."

At the hearing I listened attentively to the witnesses bearing upon this issue of duress. I carried away from the hearing at the close a very distinct impression that the charge was not sustained. A long interval has elapsed since the hearing and at the end of that long interval I have taken the pains to read the lengthy transcript of the testimony. The result is that the impression formed at the hearing is not only confirmed but strengthened. If the time were available to me, I would take the trouble to refer to the testimony in detail and indicate my views respecting its various aspects. The time, however, is not available and I must therefore content myself with the statement of my conclusion which is as above expressed.

The petition alleges that the agreement was without consideration. Nothing however has been said upon that point in the argument. It does not impress me as possessing merit. There was a dispute between Monjar and the Club over the question whether the contracts under which Mon-

jar had received large sums of money from the Club were legal contracts. The dispute was not a feigned one. A settlement was agreed upon and the escrow agreement which is attacked by this petition was executed in carrying out that settlement. I do not see upon what theory it can be said that the agreement was without consideration.

Order dismissing the petition.